| Case No. | SACV 17-02151 AG (DFMx) | Date | February 12, 2019 |
|---|---|---|---|
| Title | NATHANNA GODFREE V. YU-CHI CHIAO ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING DISMISSAL**

In December 2017, *pro se* Plaintiff Nathanna Godfree filed a complaint against Defendants Yu-Chi Chiao, Hannstar Display Corporation, Hannspree Worldwide, and Hannspree Inc. for copyright infringement and unjust enrichment. (Compl., Dkt. No. 1.) More than a year later and without leave of court, Plaintiff filed an amended complaint adding two new Defendants—Defendant Patrick J. Murphy and HP Inc. (First Amended Compl. ("FAC"), Dkt. No. 31.)

But before the amended complaint was filed, the Court issued a scheduling order outlining dates and deadlines for this case. (*See* Scheduling Order, Dkt. No. 26.) That order, dated March 14, 2018, said that a final pretrial conference for this case would be held on February 11, 2019. (*Id.*) The scheduling order further ordered the parties to be "completely familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and the FAQ's about Judges' Procedures and Schedules" and to "keep the Court informed concerning the status of this case". (Scheduling Order, Dkt. No. 26 at 1.) And, on top of that, the scheduling order required the parties to "strictly comply with the requirements of all Local Rules at Local Rule 16 *et seq*", which provides that the parties must file certain documents with the court sometime before the pretrial conference hearing. (*Id.* at 3; *see generally* L.R. 16.)

The Court held the final pretrial conference as scheduled. Plaintiff appeared on behalf of herself and counsel for Defendants Murphy and HP Inc. also appeared. But during the pretrial conference, it became clear to the Court that Plaintiff wasn't ready to begin trial on this 2017 case as scheduled. It also became clear to the Court that Plaintiff had failed to prosecute this case efficiently, failed to follow Court orders, and failed to abide by this Court's Local Rules or the Federal Rules of Civil Procedure. Plaintiff hasn't filed any of the pretrial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-02151 AG (DFMx) | Date | February 12, 2019 |
| Title | NATHANNA GODFREE V. YU-CHI CHIAO ET AL. | | |

documents required by Local Rule 16 *et seq*. Except for two or so defendants, service hasn't been effected. And, in any event, Plaintiff's amended complaint doesn't comply with the requirements of Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. P. 15(a)(2) (requiring a plaintiff to seek leave of court or written consent from the opposing party before filing an amended complaint).

So what should the Court do? Well, Federal Rule of Civil Procedure 41(b) grants district courts the authority to dismiss actions on their own motion for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *see generally* Fed. R. Civ. P. 41(b). When considering whether to dismiss an action for failure to prosecute, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th 1986); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (listing factors).

These factors warrant dismissal here. Turning to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). And this case has been anything but expeditious. To the contrary, the facts underlying this dispute date back to 2005. (FAC at ¶ 4.) Now it's 2019 and this litigation has been pending for over a year, but numerous defendants remain unserved. The first factor therefore favors dismissal.

So does the second factor. Plaintiff's case has consumed a great deal of the Court's time that could have been devoted to other cases and matters. Indeed, Plaintiff forced the Court to hold a pretrial conference in a case that clearly wasn't ready for trial when Plaintiff could have instead asked the Court to continue the hearing to a later date. This case has thus impeded the Court's ability to manage its docket. *See Pagtalunan*, 291 F.3d at 639 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-02151 AG (DFMx) | Date | February 12, 2019 |
|---|---|---|---|
| Title | NATHANNA GODFREE V. YU-CHI CHIAO ET AL. | | |

The third factor—prejudice to the Defendants—also favors dismissal. Indeed, a Plaintiff's "[u]reasonable delay creates a presumption of injury to the defense", and the Plaintiff has committed such delay here. *Henderson*, 779 F.2d at 1423. But the risk of prejudice doesn't end there. Though Plaintiff says she visited the Court's *pro se* clinic for legal help, Plaintiff's claims remain difficult to understand. Perhaps this is best illustrated by the fact that Plaintiff has requested more than $6 billion in damages. (*See* FAC at ¶ 12.) Forcing these late-served Defendants to defend against Plaintiff's confusing claims, which stem from facts over a decade old, would amount to prejudice. *See Pagtalunan*, 291 F.3d at 639 (noting that the risk of prejudice to defendants is related to the plaintiff's failure to prosecute an action).

The fourth factor ordinarily weighs against dismissal. "However, it is the responsibility of the moving party to prosecute the action at a reasonable pace, and to refrain from dilatory and evasive tactics." *Williams v. Young*, No. CV 10-06640 VBF (SS), 2010 WL 5524987, at *3 (C.D. Cal. Dec. 16, 2010) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 68, 652 (9th Cir. 1991). Because Plaintiff "has not discharged this responsibility despite having ample time and opportunity to do so," "the public policy favoring the resolution of disputes on the merits does not outweigh [Plaintiff's] failure" to prosecute this action and follow Court orders. *Id.*

As to the last factor, at this late date less drastic option are limited, and the Court finds that dismissal is the appropriate solution here.

The Court therefore DISMISSES the case under Rule 41(b) without prejudice.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |